·LAND AUTHORITY OF PUERTO RICO, Plaintiff and Appellant, *v.*
RAMÓN REYES, Defendant and Appellee.

No. R-68-302.     Decided November 25, 1969.

*José Alberty Orona, Daniel A. Cabán Castro,* and *Margarita García Santiago* for appellant.

MR. JUSTICE RAMÍREZ BAGES delivered the opinion of the Court.

In view of the fact that we have decided that the owner of a property leased may file an unlawful detainer proceeding against the third party who built a structure on said property, we reverse the judgment in this case.

The Land Authority of Puerto Rico, as owner of a property in the Ward Canóvanas, Municipality of Loíza, Puerto Rico, with an area of 1943.9292 cuerdas, filed a complaint where it is alleged that appellee is occupying at sufferance a part of the same where he has built a 10 by 10 foot frame house which he refuses to remove from the property, and requests that appellee's eviction be ordered. Appellee answered denying the facts. After the hearing of the case was held, the trial court ruled that:

"3. . . . in the property previously described a fifty (50) cuerdas parcel is leased to Héctor García and defendant's house is located on said parcel.

"4. That defendant does not pay any rental.

"In consonance with the foregoing facts the court reaches the following:

"CONCLUSIONS OF LAW

"Pursuant to § 620 of the Code of Civil Procedure, 32 L.P.R.A. § 2821, it is provided:

'§ 2821. Persons entitled to commence action of unlawful detainer

'The action of unlawful detainer (*desahucio*) may be commenced by the owners of property, usufructuaries thereof, or by any other person or persons entitled to the enjoyment of such property, or by persons claiming under them.'

". . . Our Supreme Court has decided that the unlawful detainer action is a possessory action and that in it the right to the possession may not [*sic*] be considered. *Escudero* v. *Mulero*, 63 P.R.R. 551"; that "It having been established by the evidence that the fifty (50) cuerdas parcel of land where defendant's house is located is leased to Héctor García, who enjoys it and possesses it, it was incumbent upon the latter to institute the action and not upon plaintiff, Land Authority, for which reason it is proper to dismiss the complaint."

Said court erred in so concluding.

Section 620 of the Code of Civil Procedure (32 L.P.R.A. § 2821), entitles the owners of the property, the usufructuaries and certain other persons to commence the action of unlawful detainer. It does not limit this right to those persons who may have the material possession of the immovable nor does it provide that the action should be commenced solely by the one who enjoys such possession. In the case of *Escudero* v. *Mulero*, 63 P.R.R. 551 (1944), a conflict of titles appeared for which reason we decided that the unlawful detainer action did not lie because the same was a possessory action. The ruling in this case does not exclude nor affect the right of the property owner to exercise the unlawful detainer action against a constructor in bad faith on his property.

The fact that the possessory injunction is an action of possessory nature did not preclude us from reaffirming in *Texaco P.R., Inc.* v. *González*, 96 P.R.R. 298, 308 (1968),

what we had already established in *Serrano* v. *Succession of Santos*, 24 P.R.R. 163 (1916), that is, that the owner of a leased property, who during the lease has the superior civil possession, but only mediate and indirect, may avail himself of the injunction. Likewise, there does not exist any reason why the possessory nature of the unlawful detainer should preclude the owner of a leased property from exercising such action. And it could not be otherwise, for on the contrary, as appellant states, "this could bring as a consequence the thwarting or impairment of the property rights of the real owner of the property. In other words, there would be situations in which the owner of the property, being impotent to act, would have to cross his arms before the actions of a third party who invades his property creating onerous conditions to the same, and before the indolence or indifference of a possessor in fact (tenant or usufructuary) who does nothing to avoid the imposition of such onerous conditions to the property on the part of the third party."

The judgment rendered in this case should be reversed and another rendered in its place granting the complaint, ordering the eviction of appellee, his relatives, agents, employees, and other persons under his orders, from appellant's property, and ordering him to remove his structure from said property.

Mr. Chief Justice and Mr. Justice Hernández Matos did not participate herein.